```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.  14-80970-Civ-COHN
                              MAGISTRATE JUDGE P.A. WHITE
```

VINCENT F. RIVERA,

      Plaintiff,

v.                              REPORT RE DISMISSAL OF
                                     COMPLAINT-28 U.S.C. §1915(g)
MICHAEL CREWS, et al.,       AND DENIAL OF IFP MOTION

      Defendants.
_____/

      The plaintiff, Vincent F. Rivera, while confined at the South Bay Correctional Facility ("SBCF"), has filed a *pro-se* civil rights complaint, pursuant to 42 U.S.C. §1983, arising from an assault which he claims was orchestrated and directed by defendant(s) at Martin Correctional Institution. (DE#1).  He has filed a deficient application to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. §1915. (DE#4). Pursuant to §1915(a), the plaintiff was required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. See 28 U.S.C. §1915(a).

      Because plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

Moreover, pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

Further, 28 U.S.C. §1915(g) provides in pertinent part as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The constitutionality of this section has been comprehensively explored and upheld by the Eleventh Circuit Court of Appeals. See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). There, the Court held that the new "three strikes" IFP provision does not violate the First Amendment right of access to the court; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or, the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment. While not all unsuccessful cases filed by prisoners qualify as strikes under 28 U.S.C. §1915(g), plaintiff, a prolific multiple filer, has filed well in excess of three cases, as listed above, which have been specifically dismissed under §1915(g).

As applied here, Plaintiff is a multiple filer, having filed over 50 cases in this district, most of which have been dismissed pursuant to §1915(g). See Rivera v. Eighth Circuit Court, et al., case no. 99-1801-Civ-Moreno; Rivera v. D.O.C., et al., case no. 99-2464-Civ-Ungaro-Benages; Rivera v. #872910, case no. 01-947-Civ-Moreno, Rivera v. U.S. Attorney General, et al., case no. 01-4934-Civ-Jordan; Rivera v. State, et al., case no. 01-4961-Civ-Graham, Rivera v. DOC, et al., case no. 01-4962-Civ-Graham, Rivera v. Cervone, et al., case no. 02-2006-Civ-Moreno, Rivera v. Carter, et al., case no. 02-20116-Civ-Moreno, Rivera v. Bush, et al., case no. 02-20293-Civ-Huck, Rivera v. Fla. Justice Institute, et al., case no. 02-20334-Civ-Gold, Rivera v. Schlesinger, et al., case no. 02-20404-Civ-Huck, Rivera v. Carter, et al., case no. 02-20483-Civ-Moore; Rivera v. Ashcroft, et al., case no. 02-20577-Civ-Seitz, Rivera v. Coe, et al., 02-20594-Civ-Ungaro-Benages, Rivera v. Moore, et al., case no. 02-21096-Civ-Huck, Rivera v. Bush, case no. 02-21097-Civ-Seitz, Rivera v. Lucky, et al., case no. 02-21447-Civ-Jordan, Rivera v. Court of Appeals, case no. 02-22537-Civ-King, Rivera v. Correctional Officers, et al., case no. 03-20238-Civ-Graham, Rivera v. President, et al., case no. 03-20399-Civ-Gold, Rivera v. Jeb Bush, et al., case no. 03-21548-Civ-Altonaga, Rivera v. USA, case no. 03-22369-Civ-Moreno, Rivera v. USA, case no. 03-22370-Civ-Hoeveler, Rivera v. K. Michael Moore, case no. 03-22771-Civ-King, Rivera v. Joan Lenard, et al., case no. 03-22769-Civ-Moreno, Rivera v. Gov. Bush, et al., case no. 05-21204-Civ-Martinez, Rivera v. Attorney General, et al., case no. 05-21208-Civ-Lenard, Rivera v. Bush, et al., case no. 05-21868-Civ-Seitz, Rivera v. IRS, et al., case no. 05-22467-Ungaro, Rivera v. United States, et al., case no. 06-20230-Civ-Altonaga, Rivera v. Sec'y Dep't Corr's, case no. 06-20387-Civ-Lenard, Rivera v. USA, et al., case no. 06-20230-Civ-King, Rivera v. McDonough, et al., case no. 06-22874-Civ-Ungaro, Rivera v. Pariente, et al., case no. 07-20562-

Civ-Altonaga, <u>Rivera v. Dr. Perper, et al.</u>, case no. 07-60506-Civ-Zloch, <u>Rivera v. Dr. Matthews, et al.</u>, case no. 07-21244-Civ-Jordan, <u>Rivera v. Prison rehabilitative Industry, et al.</u>, case no. 07-21628-Civ-Huck, <u>Rivera v. Prison Health Care Services, et al.</u>, case no. 08-21290-Civ-Graham, <u>Rivera v. Crist, et al.</u>, case no. 09-20560-Civ-Huck, <u>Rivera v. Buss, et al.</u>, case no. 12-21120-Civ-Ungaro, <u>Rivera v. Collins, et al.</u>, case no. 13-14159-Civ-Martinez, <u>Rivera v. Scarpatti, et al.</u>, case no. 13-14301-Civ-Martinez, <u>Rivera v. Crews, et al.</u>, case no. 13-14315-Civ-Martinez, and <u>Rivera v. Crews, et al.</u>, case no. 13-14328-Civ-Martinez.

As demonstrated above, plaintiff has three or more cases which fit the criteria of the statute. Thus, he is barred from proceeding *in forma pauperis* in this Court unless he can show that he is under imminent danger of serious physical injury. The Eleventh Circuit has held that in order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, to-wit, imminent danger of serious physical injury at the time of filing the lawsuit. <u>See</u> <u>Medberry v. Butler</u>, 185 F.3d 1189 (11th Cir. 1999) (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger).

Full and careful review of the Complaint indicates that the plaintiff is not entitled to proceed *in forma pauperis* under the "imminent danger" exception. <u>See</u> DE#1. Since Plaintiff has not paid the filing fee and has made no factual allegations to support a finding that he was in imminent danger of serious injury at the time of filing, dismissal of the instant civil rights action is

appropriate. This is further supported by the fact that the events giving rise to this complaint arose while plaintiff was confined at Martin Correctional Institution, but plaintiff has since been transferred, having filed this lawsuit while confined at SBCF.

As the statute provides that the filing fee must be paid at the time the suit is initiated, and only precludes the plaintiff from proceeding *in forma pauperis*, it is recommended that the dismissal be without prejudice to the plaintiff to file a new complaint accompanied by payment of the full filing fee of $350.00. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff should be aware that all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. §1915A, even those lawsuits in which the full filing fee is paid at the time of filing. See Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006). Initial review of the instant complaint by the undersigned appears to indicate that the case would most likely not survive such screening against many of the now-named defendants if it were to be refiled in the future with the full filing fee. See e.g., Evans v. Drew, 2009 WL 497552 (M.D.Ala. 2009).

Based upon the foregoing, it is recommended that the motion to proceed *in forma pauperis* (DE#4) be denied; that the complaint be dismissed without prejudice pursuant to 28 U.S.C. §1915(g); and, that this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this

report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 29th day of July, 2014.

                                                UNITED STATES MAGISTRATE JUDGE

cc:   Vincent Rivera, Pro Se
       DC#518548
       South Bay Correctional Facility
       600 U.S. Highway 27 South
       P.O. Box 7171
       South Bay, FL 33493